**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-10440
USDC No. 4:97-CR-111-2-A
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES L. COX,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

February 17, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James L. Cox appeals the sentence imposed by the district court following his guilty-plea conviction of interstate transportation of stolen security pursuant to a scheme, and aiding and abetting, in violation of 18 U.S.C. § § 2314 and 2. He contends the district court erred in (1) sentencing him under the Sentencing Guidelines ("Guidelines") section for money laundering; (2) grouping the money laundering and fraud offenses pursuant to U.S.S.G. § 3D1.2; (3) determining the amount of money laundered; and (4) refusing to grant a downward departure pursuant to § 5K2.0. We affirm.

Cox argues that the district court erred in sentencing him pursuant to § 2S1.1, the Guideline section on money laundering, based on the court's determination that his plea agreement contained a stipulation to the more serious offense of money laundering. He contends the court should have sentenced him under § 2F1.1, the Guideline section on fraud. "We review challenges to the district

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

court's application and legal interpretation of the Sentencing Guidelines *de novo*. We review for clear error a district court's findings of fact as they pertain to a defendant's sentence, but review *de novo* a district court's determination of the meaning and effect of any factual stipulations on a sentence." *United States v. Domino*, 62 F.3d 716, 719 (5ᵗʰ Cir. 1995)(citations omitted).

If a plea agreement contains a stipulation that establishes a more serious offense than the offense of conviction, then the court should apply the offense Guideline section most applicable to the stipulated offense. *See* § 1B1.2(a); *United States v. Lucas*, 157 F.3d 998, 1001 (5ᵗʰ Cir. 1998). Cox stipulated to a factual resume containing all of the elements of a money laundering offense, and the plea agreement specified that the factual resume could be submitted as evidence. Cox conceded at sentencing that the factual resume stipulated to facts that constitute money laundering. This concession waived his right to appellate review of this issue, and thus we review the district court's ruling for plain error. *See United States v. Olano,* 507 U.S. 725, 733, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993). Under the plain error standard, there must be an error that is plain and that affects substantial rights. *See United States v. Jones*, 132 F.3d 232, 243 (5ᵗʰ Cir. 1998), *cert. granted*, ) ) U.S. ) ), 119 S. Ct. 39, 40, ) ) L. Ed. 2d ) ) (1998). The factual resume establishes the essential elements of money laundering. *See United States v. West*, 22 F.3d 586, 590 (5ᵗʰ Cir. 1994)(stating elements of money laundering). The district court did not plainly err in sentencing Cox under the Guidelines section for the more serious offense of money laundering.

Cox argues that the district court erred in grouping his money laundering and fraud offenses pursuant to § 3D1.2. "The issue of grouping counts for sentencing purposes is generally a question of law subject to a *de novo* review." *United States v. Leonard*, 61 F.3d 1181, 1185 (5ᵗʰ Cir. 1995). Section 3D1.2 provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." Cox contends that the fraud and money laundering offenses are not sufficiently interrelated to permit grouping. We explained in *Leonard,* however, that a district court may group fraud and money laundering offenses if the money laundering activities perpetutate the fraud. *See id.* at 1186. We find that Cox's money laundering offense was not ancillary to the fraud

offense.  The district court grouped correctly the money laundering and fraud offenses under § 3D1.2.

Cox also argues that the district court erred in determining the amount of money laundered for the purposes of § 2S1.1.  Section 2S1.1 progressively increases the sentence level as the value of funds laundered increases.  He contends that the court erroneously included the entire $10,200 lost by the victims of the fraud, rather than the $24,540 that Cox actually laundered or controlled.  We review for clear error the district court's finding under § 2S1.1 regarding the value of funds involved in a money laundering offense.  *See United States v. Tansley*, 986 F.2d 880, 884 (5th Cir. 1993).  We have stated that a sentencing court "may also use the broader amount that defendants could have been 'reasonably capable of laundering.'" *Id.* at 884 (citations omitted).  The pre-sentence report ("PSR") indicated that the net loss to investors was $10,200,000, and that Cox and his collaborators deposited the funds from the victims into bank accounts in order to facilitate their scheme to defraud and for personal purposes.  Cox failed to rebut the information in the PSR, and thus the court did not err in adopting the PSR's findings of fact.  *See United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991).  The district court did not clearly err in its determination of the amount of money laundered.

Cox argues that the district court erred in refusing to grant a downward departure pursuant to § 5K2.0.  He alleges that he is entitled to a downward departure because he received little personal benefit from the laundered funds.  *See United States v. Walters,* 87 F.3d 663, 671-72 (5th Cir.), *cert. denied*, )) U.S. )), 117 S. Ct. 498, 136 L. Ed. 2d 390 (1996).  "We may only review a trial court's refusal to grant a downward departure from the Guidelines if the refusal was based on a violation of the law." *United States v. Palmer,* 122 F.3d 215, 222 (5th Cir. 1997).  Cox does not contend that the district court was unaware it had the authority to depart downward pursuant to § 5K2.0 or that it violated the law in refusing to grant a downward departure.  *See id.*  The court did not err in refusing to grant a downward departure under § 5K2.0.

We have reviewed the record and the briefs submitted by the parties and find no reversible error.  Accordingly, the district court's judgment is affirmed.

AFFIRMED.